IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY BALL, | Case No. 1:10-cv-00639 LJO JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| JAMES A. YATES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on April 12, 2010. (Doc. 1)

**I.   SCREENING**

   **A.   Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides, in relevant part, that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE COMPLAINT

In his complaint, Plaintiff identifies four defendants: James Yates, the Warden of Pleasant Valley State Prison and correctional officers, Sergeant Carr, Nelson and Sergeant Mendez. (Doc. 1 at 1) Plaintiff sues these defendants in their "official and personal capacity." (Id. at 4)

Plaintiff alleges that he was seen by a prison doctor on August 21, 2008 who provided him a prison "chrono" which ordered that he be assigned to a lower bunk due to his "medical condition." (Doc. 1 at 2) Plaintiff told the "floor" officers, including correctional officer Nelson, about the chrono. Id. at 3, 17.  Plaintiff alleges that Nelson was supervised directly by Defendants Carr and Mendez and, ultimately, by Defendant Yates. Id. at 2. Plaintiff alleges that the officers "implicitly" refused to comply with the chrono and assigned Plaintiff to a top bunk. Id. at 4.

On October 3, 2008, while still being assigned to the top bunk, Plaintiff was attempting to climb down from the upper bunk when he felt "a sharp pain" in his lower back. Id. at 3. This pain caused him to fall to the floor. Id. Plaintiff lay on the floor for 45 minutes "in excruciating pain." Id. As a result of the fall, Plaintiff's alleges that he remains in continuous pain that interferes with his ability to sleep. (Doc. 1 at 5)

Plaintiff alleges that Defendants' actions constituted a violation of the Eighth Amendment based upon their deliberate indifference to his serious medical condition. (Doc. 1 at 6) Plaintiff seeks actual, compensatory and punitive damages. Id. at 3.

///

///

III. **DISCUSSION**

    A.    Eighth Amendment

Plaintiff claims that Defendants' failure to provide him a low bunk, despite the chrono for it, constituted a deliberate indifference to his serious medical condition. To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must demonstrate: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104). A prison official acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Jett, 439 F.3d at 1096. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support his cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff alleges that he suffered from a "medical condition" at the time he was assigned the top bunk. (Doc. 1 at 3) He does not specify exactly what this medical condition was but, clearly, documents attached to Plaintiff's complaint admit that he was provided a medical chrono for a lower bunk on "8/21/08," presumably as a result of this unidentified condition Id. at 18. On the other hand, after the fall, Plaintiff was diagnosed only with obesity and "LBP[1]" and ordered to "keep off salt" and to walk more. Id. at 28.

The existence of an injury that a reasonable doctor would find important and worthy of treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. McGuckin, 974 at 1059-1060 citing Wood v. Housewright, 900 F.2d 1332,

---

[1] The Court understands this to mean "low back pain," and which was the result of Plaintiff's fall.

4

1337-41 (9th Cir.1990); <u>Hunt v. Dental Dept</u>, 865 F.2d 198, 200-01 (9th Cir.1989).  Though Plaintiff has sufficiently alleged that he was provided a medical chrono for a lower bunk, there is no evidence that Plaintiff was being treated for a medical condition.  It appears, instead, that the only physical condition from which Plaintiff suffered before his fall, was obesity and the need to avoid salt.  Thus, Plaintiff's mere allegation that had a "medical condition," is insufficient to allow the Court to determine that he had a serious medical condition at the time he was assigned the top bunk.

    i. <u>Defendant Yates, Carr and Mendez</u>

Plaintiff claims that Defendants Yates should be held liable because, as the warden, ultimately he is responsible for the care of all of the inmates at his prison and is responsible for all of the acts of his employees.  Likewise, he alleges that Carr and Mendez should be held liable because they were the direct supervisors of Nelson.  (Doc. 4, 5)

However, supervisors may not be held liable merely because a subordinate acted improperly.  <u>Palmer v. Sanderson</u>, 9 F.3d 1433, 1437-38 (9th Cir. 1993); <u>Monell</u>, 436 U.S. at 691 (the supervisor of someone who allegedly violated a plaintiff's constitutional rights is not made liable for the violation by virtue of that role). "Liability under § 1983 arises only upon a showing of personal participation by the defendant. (Citation.) A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under § 1983." <u>Taylor v. List,</u> 880 F.2d 1040, 1045 (9th Cir. 1989), citation omitted.

Here, there is no evidence that Yates, Carr or Mendez knew about a serious medical condition from which Plaintiff suffered, knew that he had been issued a medical chrono for a lower bunk, knew any details about his housing arrangements or participated in any way in the decision regarding his housing assignment.  Therefore, Plaintiff has not stated a claim for violation of the Eighth Amendment against these defendants.

    ii. <u>Defendant Nelson</u>

Likewise, Plaintiff alleges that Nelson "implicitly" denied Plaintiff's request to be assigned a lower bunk based upon the medical chrono. (Doc. 1 at 3)   This indicates that Nelson did not take any overt action related to the lower bunk request or make any comment that would reveal any bad motive.

5

Instead, it appears that Plaintiff told Nelson about the lower bunk chrono and that Nelson assigned him a top bunk nonetheless. However, there are no facts alleged that when Nelson made the assignment, he had any understanding about a serious medical condition from which Plaintiff suffered or that he acted with a knowing disregard for the medical risks posed to Plaintiff caused by the top bunk. There is no indication that Nelson had or has a history of bad acts related to Plaintiff. Without additional information of this type, the fact that Nelson's failed to accept Plaintiff's word that he should have a lower bunk or to check Plaintiff's medical record to verify the existence of the lower bunk chrono and assign him a lower bunk based thereon, at most, amounts to negligence.

Moreover, an isolated incident of neglect, does not constitute deliberate indifference to serious medical needs. See Jett, 439 F.3d at 1096 ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.'")(citing McGuckin, 974 F.2d at 1059). Therefore, even assuming that Plaintiff had sufficiently pled that he suffered from a serious medical condition, there are insufficient facts alleged that Nelson's in providing a top bunk constituted a violation of Plaintiff's constitutional rights.

### iii.  Official Capacity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Here, there is no indication that the state has waived its immunity or has otherwise consented to this suit. Accordingly, Plaintiff's official capacity claims, which seek only monetary damages, must be dismissed.

### D.  **Leave to Amend**

Plaintiff will be provided an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended

complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

**IV.  CONCLUSION**

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;
2. Plaintiff is granted 30 days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:  **April 29, 2011**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE